# APRIL 5, 1933

### R. H. ADAMS V. THE STATE.

No. 15495.   Delivered January 25, 1933.
Rehearing Denied April 5, 1933.
Reported in 58 S. W. (2d) 530.

The opinion states the case.

*Lockhart & Brown* and *Tom Garrard,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

By direct testimony the state showed the sale of one-half gallon of whisky to the party named in the indictment as the purchaser.   Appellant swore that he did not make such sale. On cross-examination he admitted that the alleged purchaser was a man of good reputation, but insisted that there was a mistaken identity.   Appellant introduced witnesses who gave testimony to his good reputation in all regards.

We find three bills of exception.   One complains of the action of the state in eliciting from appellant while on the witness stand, the fact that he was under indictment in another felony case.   The objection to this was that it was incompetent

for any purpose. The uniform holding of this court is that it is permissible to ask such question under such circumstances, its affirmative answer being admissible as affecting the credibility of the accused. The court expressly limited in his charge the jury's consideration of said testimony to such purpose.

Another bill of exception complains of the fact that the indictment for the other felony referred to, should not be held provable because it was returned by the same grand jury which returned the instant indictment. We think there is nothing in the objection.

The remaining bill of exception complains of argument of the state's attorney in closing the case. The bill is qualified by the court with the statement that the argument of the district attorney was in answer to the argument made by appellant's attorney. This would prevent our holding the argument erroneous, even if same was in fact of such character, which might be seriously doubted.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*